### *LACROIX* vs. *MENARD*.

**APPEAL** from the court of the first district.

A party who has not ratified an act made in his name is not bound by it.

**MARTIN, J.** delivered the opinion of the court. This case was remanded from this court, in February, 1825.

The plaintiff holder of a note of Dalon, payable to F. Menard, by whom it was endorsed to Lambert, and by the latter to the plaintiff, alleges this note was given by L. Menard, the defendant to Lambert, in payment of a tract of land, for the security of which the defendant mortgaged among other property, certain slaves. It is stated that the note is unpaid and duly protested, and that the defendant resides out of the state, and the petition concludes with a

prayer for a writ of attachment against his estate and more particularly the mortgaged slaves. One of whom was attached, and afterwards *two* others.

Dalon filed a petition of intervention, claiming the three slaves as his property, averring that the deed of sale referred to in the petition (and by which the slaves are alleged to be mortgaged for the payment of the note sued upon) is null and void, having been executed in the name of the defendant, by F. Menard, without authority from the defendant.

The petition of intervention concludes with pleading as exceptions to the plaintiff's petition, the want of a cause of action against the defendant, and the want of jurisdiction of the district court, as the defendant neither resides, or has property in the state. The defendant pleaded the general issue to this petition of intervention.

The district court being of opinion that there was no evidence of any assent previous, or subsequent, on the part of the defendant to the contract by which the slaves were mortgaged, dismissed the original petition: the plaintiff appealed.

The defendant had pleaded the general issue.

Nothing shews that he authorised or ever ratified the use of his name in the contracts on which this action is brought. His brother, it is true, contracted in his name and *se fit fort*, i. e. covenanted that he had, authority, or would procure the ratification of the defendant, and if it were shewn that he had such authority, or that the defendant had ratified the contract, it would be binding on the defendant; but in the absence of this proof, the district judge acted correctly in dismissing the petition.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Dennys* for the plaintiff, *Seghers* for the defendant.